

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

July 7, 2025

Anastasia Dubrovsky, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE: *Libby et al. v. Fecteau et al.*, No. 25-1385

Dear Ms. Dubrovsky:

      I write on behalf of Appellant Laurel Libby in the above-captioned matter, regarding the June 26 letter from Defendants suggesting that this case is moot.

      As Defendants note, one of the last acts of the Maine House of Representatives before adjourning its most recent session was passing a resolution rescinding "the restrictions on the voting and speaking privileges of Representative [Laurel D.] Libby." H.R. 2. A majority of representatives supported the resolution.

      If the only basis for mootness were H.R. 2, it would not be sufficient to end this controversy. Rep. Libby and other members of the minority repeatedly requested that Defendants lift those restrictions while the session was ongoing. Defendants repeatedly declined to do so, necessitating expedited proceedings before the district court, this Court, and ultimately the Supreme Court. After Rep. Libby prevailed at the Supreme Court, she again made clear Defendants could resolve this dispute by lifting the unprecedented restrictions before the session ended. Defendants again declined to do so. To only now turn around and reinstate Rep. Libby's speaking and voting rights once the session ends smacks of gamesmanship and is—at best—an empty gesture. There are no more debates to be had, so lifting the restriction now has no actual effect.

      Moreover, Defendants have in prior briefing conspicuously refused to concede that the restrictions could not be reimposed at any time, for any reason, by simple majority vote. And H.R. 2 makes no changes to House Rule 401(11), which authorizes the unconstitutional punishment imposed on Rep. Libby and her constituents here. In such circumstances, there is good reason to believe the case is not moot. *See, e.g.*, *Brown v. Colegio de Abogados de P.R.*, 613 F.3d 44, 49 (1st Cir. 2010) ("[A]s a general rule of thumb, a defendant may not render a case moot by voluntarily ceasing the activity of which the plaintiff complains; were the opposite true, a defendant could immunize itself from suit by altering its behavior so as to secure a dismissal, and then immediately reinstate the challenged conduct afterwards.").

Defendants, however, have subsequently made an additional clarification. In response to questions from Rep. Libby, Defendants represented in writing that "[t]he Speaker and the Clerk view H.R. 2 as absolving Rep. Libby of the requirement that she 'make satisfaction' under Rule 401(11) for her breach of the House Ethics Rules as described in H.R. 1." Email from Kimberly Patwardhan (June 26, 2025), attached as Exhibit A. Defendants explained that "in the Speaker and the Clerk's view, Rule 401(11) can no longer be applied to Rep. Libby with respect to Rep. Libby's breach of the House Ethics Rules as described in H.R. 1." *Id.* And "[i]f a motion were made to 'reimpose' the application of Rule 401(11) for Rep. Libby's breach of the House Ethics Rules as described in H.R. 1, the Speaker would rule that motion out of order." *Id.*

Based on these additional representations, Rep. Libby will not contest that this appeal has now become moot. Moreover, because these circumstances arose through no voluntary actions of the Appellant, the proper course of proceedings is to vacate the district court's decision below before terminating the appeal. *See, e.g., Arevalo v. Ashcroft*, 386 F.3d 19, 20 (1st Cir. 2004) ("Vacatur normally is granted unless the mootness arises from settlement between the parties or from appellant's voluntary withdrawal of the appeal."); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment … when mootness results from unilateral action of the party who prevailed below.").

Appellants request that this Court order vacatur by the district court on remand and otherwise dismiss this appeal.

Sincerely,

*/s/ Patrick Strawbridge*

Patrick Strawbridge

cc: ECF Service List

# Exhibit A



Dan Vitagliano <dvitagliano@consovoymccarthy.com>

## Libby v. Fecteau

**Patwardhan, Kimberly** <Kimberly.Patwardhan@maine.gov>     Thu, Jun 26, 2025 at 3:48 PM
To: Patrick Strawbridge <patrick@consovoymccarthy.com>, "Bolton, Jonathan" <Jonathan.Bolton@maine.gov>
Cc: Taylor Meehan <taylor@consovoymccarthy.com>, Dan Vitagliano <dvitagliano@consovoymccarthy.com>, Mari Sayer <mari@consovoymccarthy.com>

Patrick,

We've consulted with our clients, and can offer you the following responses in red.

1) Is it correct that no changes have been made to the underlying House rule pursuant to which Rep. Libby was suspended?  You are correct that no changes have been made to House Rule 401(11), although we note that you've conceded that your clients are not making a facial challenge to Rule 401(11).  We also do not agree that Rep. Libby was "suspended."

2) The resolution is silent about reimposing the same punishment as soon as the Legislature reconvenes next year. Does anything in the resolution or elsewhere restrict a majority from reimposing the same punishment?  Yes.  The Speaker and the Clerk view H.R. 2 as absolving Rep. Libby of the requirement that she "make satisfaction" under Rule 401(11) for her breach of the House Ethics Rules as described in H.R. 1.  In other words, in the Speaker and the Clerk's view, Rule 401(11) can no longer be applied to Rep. Libby with respect to Rep. Libby's breach of the House Ethics Rules as described in H.R. 1.  If a motion were made to "reimpose" the application of Rule 401(11) for Rep. Libby's breach of the House Ethics Rules as described in H.R. 1, the Speaker would rule that motion out of order.

3) If the answer to 2 is no, will your clients confirm now to us that Rep. Libby will not be subject to the same punishment for her social media posts when this Legislature reconvenes?  See response to question 2.

If you have any follow-up questions or would like to discuss further, please feel free to reach out.

Regards,



**KIMBERLY L. PATWARDHAN** | ASSISTANT ATTORNEY GENERAL

LITIGATION DIVISION

OFFICE OF THE MAINE ATTORNEY GENERAL

6 STATE HOUSE STATION | AUGUSTA, ME 04333

(207) 626-8570 (DIRECT DIAL) | (207) 626-8800 (MAIN OFFICE)

kimberly.patwardhan@maine.gov | www.maine.gov/ag

---

**From:** Patrick Strawbridge <patrick@consovoymccarthy.com>
**Sent:** Thursday, June 26, 2025 11:31 AM
**To:** Bolton, Jonathan <Jonathan.Bolton@maine.gov>
**Cc:** Patwardhan, Kimberly <Kimberly.Patwardhan@maine.gov>; Taylor Meehan <taylor@consovoymccarthy.com>; Dan Vitagliano <dvitagliano@consovoymccarthy.com>; Mari Sayer <mari@consovoymccarthy.com>
**Subject:** Libby v. Fecteau

**EXTERNAL: This email originated from outside of the State of Maine Mail System. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Jon:

We are in receipt of your letter to the Court. To inform our response, can you answer a few questions for us on behalf of your clients?

1) Is it correct that no changes have been made to the underlying House rule pursuant to which Rep. Libby was suspended?

2) The resolution is silent about reimposing the same punishment as soon as the Legislature reconvenes next year. Does anything in the resolution or elsewhere restrict a majority from reimposing the same punishment?

3) If the answer to 2 is no, will your clients confirm now to us that Rep. Libby will not be subject to the same punishment for her social media posts when this Legislature reconvenes?

Please provide your response by 9 am tomorrow so we can timely provide the Court with our position on your letter.

Best,

Patrick Strawbridge

**Consovoy McCarthy PLLC**

Ten Post Office Square

8th Floor South PMB #706
Boston, MA  02109

617.227.0548 (work)

███████████ (mobile)

www.consovoymccarthy.com

---



**image001.png**
29K