# United States Court of Appeals
## For the First Circuit

No. 25-1385

LAUREL D. LIBBY; RONALD P. LEBEL; WENDY MUNSELL; JASON LEVESQUE; BERNICE FRASER; RENE FRASER; and DONALD DUBUC;

Plaintiffs, Appellants,

v.

RYAN M. FECTEAU, in their official capacity as Speaker of the Maine House of Representatives; and ROBERT B. HUNT, in their official capacity as Clerk of the House;

Defendants, Appellees.

Before

Montecalvo and Aframe, Circuit Judges,
and Vélez-Rivé,* District Judge.

**JUDGMENT**

Entered: July 22, 2025

On June 25, 2025, the Maine House of Representatives passed House Resolution No. 2 ("H.R. 2"), which "rescind[ed] . . . the restrictions on the voting and speaking privileges of Representative Libby." The following day, Defendants filed a letter with this court asserting that the passage of H.R. 2 mooted this appeal. At the court's request, Plaintiffs filed a response, which stated that Rep. Libby "w[ould] not contest" that the appeal had been mooted because, in addition to the adoption of H.R. 2, Defendants represented, in writing, that H.R. 2 "absolv[ed] Rep. Libby of the requirement that she 'make satisfaction' under Rule 401(11) for her breach of the House Ethics Rules" and that "[i]f a motion were made to 'reimpose' the application of Rule 401(11) for Rep. Libby's breach of the House Ethics Rules as described in H.R. 1, the Speaker would rule that motion out of order." Letter from Patrick Strawbridge, Consovoy McCarthy PLLC, to Anastasia Dubrovsky, Clerk of Court, U.S. Court of Appeals for the First Circuit (July 7, 2025).

---

* Of the District of Puerto Rico, sitting by designation.

- 2 -

When an appeal of a final judgment becomes moot on appeal, our "established practice is to vacate the judgment below and remand with instructions to dismiss," except in cases of settlement or where the losing party declines to pursue an appeal. Am. Civ. Liberties Union of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 57 (1st Cir. 2013). The reasons undergirding that practice, however, do not attend to all interlocutory appeals. See, e.g., U.S. Navy SEALs 1-26 v. Biden, 72 F.4th 666, 676 (5th Cir. 2023) (dismissing interlocutory appeal as moot but not vacating preliminary injunctions). With respect to the present interlocutory appeal, where the plaintiffs do not contest that the appeal has become moot and where the parties no longer seek relief from this court, we vacate the district court's order and remand the case to the district court, for such further proceedings as are appropriate. See Ethredge v. Hail, 996 F.2d 1173, 1177 (11th Cir. 1993) (vacating decision on injunctive relief and remanding).

So ordered.

By the Court:

Anastasia Dubrovsky, Clerk

cc: Hon. Melissa R. DuBose, Eric M. Storms, Acting Clerk, United States District Court for the District of Maine, Matthew J. Donnelly, Harmeet K. Dhillon, Patrick N. Strawbridge, Daniel M. Vitagliano, Taylor A.R. Meehan, Marie E. Sayer, Jonathan Richard Bolton, Kimberly Leehaug Patwardhan, Marc John Randazza, Jay Marshall Wolman, Robert J. Morris II